IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:07-CV-298-BR

| | | |
|---|---|---|
| LAFACE RECORDS, LLC, et al., | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | **O R D E R** |
| DOES 1 - 38, | ) ) ) | |
| Defendants. | ) | |

This matter is before the court on the motions of defendants Does 1, 18, 19, 26, 31, 33, 35, and 38 ("moving defendants") requesting that the court: (1) vacate the Order granting expedited discovery to plaintiffs; (2) dismiss plaintiffs' complaint against them pursuant to Federal Rule of Civil Procedure12(b)(6) for failure to state a claim; (3) quash the subpoena issued by plaintiffs to non-party North Carolina State University ("NCSU"); and (4) dismiss the complaint against them pursuant to Federal Rule of Civil Procedure 20 for improper joinder. Moving defendants' motions initially stated that only Doe 31 sought to dismiss plaintiffs' claims based on improper joinder; however, moving defendants subsequently filed a motion to amend and clarified that all moving defendants seek to dismiss plaintiffs' claims based on improper joinder, along with the other grounds listed above. Plaintiffs have responded to the motions to dismiss. Accordingly, this matter is ripe for disposition.

**I. BACKGROUND**

Plaintiffs are the alleged owners of the copyrights in numerous sound recordings made by artists who no longer control the copyrights at issue. (Comp. ¶ 22). On 8 August 2007 plaintiffs filed a complaint alleging copyright infringement by defendants. (Id. ¶ 1). Plaintiffs are unaware

of the true identities of defendants and know them only by the Internet Protocol ("IP") address, which was assigned to each defendant by their Internet Service Provider ("ISP"). (Id. ¶ 19). The alleged infringement is the result of defendants downloading and distributing copyrighted music from the internet through use of an online media distribution system, a peer-to-peer ("P2P") network, without permission from plaintiffs, the copyright owners. (Id. ¶¶ 20, 24; Plfs.' Resp. at 3). Attached to the complaint are charts showing the IP addresses for each Doe defendant, along with the P2P network used for downloading, the date and time of the download, and a list of copyrighted recordings downloaded by artist, song title, album title, and copyright holder. (Id. ¶ 24; Ex. A).

Because the true identities of defendants are unknown, plaintiffs filed an *ex parte* motion for expedited discovery seeking to serve a Rule 45 subpoena on NCSU, the ISP for defendants. (Ex Parte Mot. ¶¶ 1, 3; *Ex Parte* Mem. at 2). Through the subpoena, plaintiffs sought to learn the true names, permanent addresses, telephone numbers, e-mail addresses, and Media Access Control ("MAC") addresses for each defendant. (*Ex Parte* Mot. ¶ 3). By Order dated 10 August 2007, the *ex parte* motion was granted by a magistrate judge.

## II.  DISCUSSION

**A.  Motion to Dismiss for Failure to State a Claim**

The moving defendants seek dismissal of plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief may be granted. The complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). If a claim has been adequately stated in the complaint, "it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1969 (2007). However, the factual allegations in plaintiffs' complaint

2

"must be enough to raise a right to relief above the speculative level." Id. at 1965. In reviewing the complaint, the court must construe the facts and draw all reasonable inferences in the light most favorable to the plaintiffs. Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

The moving defendants contend that plaintiffs' complaint should be dismissed against them because it does not allege actual copyright infringement. Specifically the moving defendants assert that plaintiffs failed to allege that the Doe defendants "invited anyone to copy their music files or were aware that anyone had copied their music files[,] . . . were . . . aware that their music files could be copied by third parties[,] . . . [or had] a duty to protect their music files from copying by third parties over the Internet." (Defs.' Mem. at 5).

To establish a claim for copyright infringement, plaintiffs need only prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publ'ns, Inc. v Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). The complaint alleges that plaintiffs are the owners of various copyrighted music. (Compl. ¶ 22). It further alleges the Doe defendants used a P2P network to download and distribute that copyrighted music, and includes an exhibit detailing the specific P2P network used, along with the IP address for each defendant, and the date and time specific music was downloaded. (Id. ¶ 24; Ex. A). Plaintiffs have thus sufficiently stated a claim and supporting factual basis for copyright infringement. See Arista Records, LLC v. DOES 1-27, No. Civ. 07-162-B-W, 2008 U.S. Dist. LEXIS 6241, at *5, *18-19 (D. Me. Jan. 25, 2008) (complaint survived 12(b)(6) motion dismiss where it alleged copyright infringement by downloading copyrighted music from the internet using a P2P network and used an attachment to identify each Doe defendant by IP address). The details that the moving defendants argue are fatally

3

missing from the complaint are simply unnecessary to state a claim for copyright infringement under the liberal notice pleading rules for federal courts.

**B. Motion to Dismiss for Improper Joinder**

The moving defendants also argue that the court should dismiss the claims against them for improper joinder. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants in one action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise the action." To remedy improperly joined parties, the court should not dismiss the action outright, but "the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. The court may act upon motion by a party or *sua sponte*. Id.

The moving defendants argue that plaintiffs have failed to show that the copyright infringement claims against them arise out of the same transaction, occurrence, or series of transactions or occurrences. (Defs.' Mem. at 12-16). The court agrees. Plaintiffs argue that the claims asserted against the various defendants arise out of the same series of transactions because each defendant used the same ISP as well as some of the same P2P networks "to commit the exact same violation of the law in exactly the same way." (Plfs.' Resp. at 22). However, merely committing the same type of violation in the same way does not link defendants together for purposes of joinder.

In similar cases, other courts have commonly held that where there is no assertion that multiple defendants have acted in concert, joinder is improper. See BMG Music v. Does 1-4, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006) (*sua sponte*

4

severing multiple defendants in action where only connection between them was allegation they used same ISP to conduct copyright infringement); Interscope Records v. Does 1-25, No. 6:04-cv-197-Orl-22DAB, 2004 U.S. Dist. LEXIS 27782, at *19 (M.D. Fla. Apr. 1, 2004) (magistrate judge recommended *sua sponte* severance of multiple defendants in action where only connection between them was allegation they used same ISP and P2P network to conduct copyright infringement). Accordingly, this court finds that defendants' use of the same ISP and P2P networks to allegedly commit copyright infringement is, without more, insufficient for permissive joinder under Rule 20. This court will sever not only the moving defendants from this action, but all other Doe defendants except Doe 2. See BMG Music v. Does 1-203, No. 04-650, 2004 U.S. Dist. LEXIS 8457, at *2, *4 (E.D. Pa. Apr. 2, 2004) (upon motion for reconsideration, court upheld its *sua sponte* order of severance of all but one Doe defendant).

### III. CONCLUSION

The moving defendants' motion to amend is GRANTED. The moving defendants' motions to dismiss for failure to state a claim are DENIED. Although the court also DENIES the motions to dismiss for improper joinder, all defendants except Doe 2 are SEVERED from this action upon plaintiffs' filing of new, separate actions against each of the severed Doe defendants within twenty (20) days and paying the requisite filing fees.[1] Failure to timely do so will result in dismissal of plaintiffs' claims against each of the severed defendants.

Because all defendants except Doe 2 will be severed from this action, the subpoena served on NCSU is no longer valid as to those defendants and the court need not address the motions to dismiss to the extent based on vacating the expedited discovery Order and quashing the subpoena.

---

[1] Plaintiffs have voluntarily dismissed their claims against Does 7, 27, and 32.

NCSU is permitted to proceed with producing the information requested in the subpoena as to the remaining defendant, Doe 2. Plaintiffs shall serve a copy of this Order on counsel for NCSU.

This 27 February 2008.

                                                           W. Earl Britt
                                                         Senior U.S. District Judge

LR/DOES/MKM